UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMEN AIVAZIAN,<br><br>    Petitioner,<br><br>    v.<br><br>KRISTI NOEM, et al.,<br><br>    Respondents. | Case No. 5:26-cv-00276-SRM-JDE<br><br>**ORDER GRANTING PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [7]** |

Before the Court is Petitioner Armen Aivazian's ("Petitioner") Ex Parte Application for Temporary Restraining Order ("*Ex Parte* Application"). *See* Dkt. 7. Respondents do not oppose. *See* Dkt. 11. For the reasons below, the Court grants the *Ex Parte* Application.

Petitioner was born in Iran in 1963. Dkt. 1 at 9. Petitioner immigrated to the United States at 17 years old as a refugee and later obtained lawful permanent residency. *Id.* On July 13, 2001, an immigration judge ordered Petitioner removed from the United States. *Id.* at 10. Immigration officers were unable to remove Petitioner and released him on grant of supervised release. *Id.*

On January 13, 2026, Petitioner appeared for his scheduled check in. Dkt. 1 at 10. An Immigration and Customs Enforcement ("ICE") officer told Petitioner there was a

discrepancy in his case and handed him a Notice of Revocation of Release ("Notice"). *Id.* The Notice stated that "ICE had determined that Petitioner could be 'expeditiously removed . . . pursuant to the outstanding order of removal' against him." *Id.* The Notice mistakenly identified that he was ordered removed on January 13, 2026, not July 13, 2001. *Id.* The Notice further stated "Your case is under current review by [in (*sic*) for the issuance of a travel document." *Id.*

After being detained, an ICE officer told Petitioner he would be deported to Iran. Dkt. 1 at 11. Petitioner's wife spoke to the head of legal affairs of the Iranian Interests Section of the Embassy of Pakistan, who confirmed that no travel documents have been issued to Petitioner. *Id.* She was also advised that travel documents could not be issued to Petitioner without a birth certificate or passport. *Id.* Petitioner has neither. *Id.* On January 21, 2026, an ICE officer told Petitioner they may try to deport him to Iran or to Armenia. *Id.* Petitioner has never held an Armenian passport. *Id.* Petitioner also claims he has not been given an informal interview since he has been returned to custody. *Id.*

On January 22, 2026, Petitioner filed this Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). *See* Dkt. 1. He asserts four claims against Respondents: the first claim asserts that Respondents violated the Administrative Procedures Act because they improperly revoked his release under 8 U.S.C. § 241.13(i)(2) ("Section 241.13") because there is no significant likelihood that his removal is reasonably foreseeable. *Id.* at 11–12. The second claim asserts Respondents violated the procedures for revoking release under Section 241.13(i)(3) by giving him inadequate notice of the reasons for revoking his release and because they failed to provide him with a prompt informal interview. *Id.* at 13. The third claim asserts that his ongoing detention is unlawful because his removal is not reasonably foreseeable. *Id.* at 13–14. The fourth claim asserts that he "is entitled to an individualized determination by impartial adjudicators as to whether detention is justified based on danger or flight risk." *Id.* at 14–15.

After filing the Petition, Petitioner filed this *Ex Parte* Application. *See* Dkt. 7. In it, he (1) "seeks an order enjoining Respondents from transferring him out of this judicial district during the pendency of his Petition for a Writ of Habeas Corpus or ordering them to return him if he has already been transferred; (2) "moves this Court to order his immediate release on an Order of Supervision (OSUP), which restores the status quo in place before Respondents unlawfully revoked his OSUP and re-detained him"; (3) moves "to enjoin Respondents from re-detaining him absent order of this Court or absent the provision of an informal interview where Petitioner can contest the reason for the revocation of his OSUP and demonstrate that his removal is not reasonably foreseeable"; and (4) "seeks an order barring Respondents from removing him to a third country without notice and an opportunity to be heard on any fear of persecution or torture he has in that third country." *Id.* at 2. Respondents do not oppose. *See* Dkt. 11 at 2 ("At this time, Respondent[s] do [] not have an opposition argument to present.").

Because Petitioner has established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities and public interest tips in his favor, and that Respondents do not oppose these issues, the Court **GRANTS** Petitioner's *Ex Parte* Application. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Court **ORDERS** as follows:

1. Respondents, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Respondents are **ORDERED** to immediately release Petitioner from immigration custody. Respondents are also **ORDERED** to reinstate the conditions of supervised release that governed Petitioner prior to his re-detention. Respondents must file a declaration by **February 2, 2026**, confirming Petitioner has been released from immigration custody;

2. Respondents, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Respondents are also **ENJOINED** from revoking Petitioner's release

without adequate notice and from detaining him without a prompt informal interview;

3. Respondents, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Respondents are also **ENJOINED** from removing Petitioner to a third country without notice and an opportunity to be heard on any fear of persecution or torture in that third country.

4. This order will remain in effect until **February 12, 2026**, at 5:00 p.m. This order may be extended for good cause or with Respondents' consent;

5. Respondents are **ORDERED TO SHOW CAUSE**, in writing, why a preliminary injunction should not issue. This response is due by **February 4, 2025**. Petitioner may file a response by **February 6, 2026**. No hearing will be set unless the Court indicates otherwise.

6. Petitioner's request that Respondents be enjoined from transferring him out of the Central District of California is **DENIED AS MOOT** in light of the Court's previous order. *See* Dkt. 6 at 1 ("Petitioner shall not be transferred except to a facility within this District, absent further order from this Court.").

**IT IS SO ORDERED.**

Dated: January 29, 2026

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE